## THE CHICAGO AND ALTON RAILROAD COMPANY
### v.
### ELIZABETH SMITH.

RAILROADS—SPARKS FROM ENGINES.—Where the evidence shows that the engines causing the fire for which damages are claimed, were equipped with the best and most approved appliances for preventing the escape of fire or sparks, were properly and prudently managed, and no negligence on the part of the railroad company is shown, here can be no recovery for damages caused by sparks therefrom setting fire to an adjacent building.

APPEAL from the City Court of Alton; the Hon. A. H. GAMBRILL, Judge, presiding. Opinion filed September 29, 1882.

The evidence in this case shows that appellee is the owner of the house, a part of the roof of which was burned. The fire was caused by sparks escaping from one of the engines of appellant. That the house is about twenty-five years old and has not been used for several years. That it is situated on twenty-five feet of the track of appellant, and was placed there after the road of appellant was constructed and being

C. & A. R. R. Co. v. Smith.

operated. The evidence shows that the roof was burned on the 3d day of June, A. D. 1881. That there is a considerable grade at that place (Alton, Illinois) on appellant's road, and it is usual to have the switch engine help freight trains up the grade. The evidence further shows that the sparks escaped either from the engine drawing a freight train, or from the switch engine, while aiding the train up the grade. The freight train was of the usual size. The evidence shows that the engineers in charge of each of these engines are and were skillful, prudent, and competent engineers, and that they handled their engines carefully, prudently, and skillfully at the time of the accident. The evidence further shows that each of these engines were at the time of the accident, equipped with the latest and most approved appliances or machinery, used for the purpose of preventing the escape of sparks. That those appliances on each of said engines were, at the time of the accident, in good order and repair. The building is 80x48 feet. The lower part of the roof being as high as the smoke-stack of the engine. It was not insurable because of the bad condition of the roof. It had not been insurable for some years for the same reason. The roof was the same put on when the house was constructed, except that it had been "patched."

Messrs. WISE & DAVIS, for appellant ; that no damages are recoverable, it being shown that the engines were equipped with the best appliances for arresting sparks, cited C. & A. R. R. Co. v. Quaintance, 58 Ill. 389 ; T. W. & W. R. R. Co. v. Larmon, 67 Ill. 68 ; Harmon v. T. P. & W. R. R. Co. 47 Ill. 298.

The question of plaintiff's negligence in the care of property contiguous to a railroad track, is proper to be left to the jury : Ill. Cent. R. R. Co. v. Mills, 42 Ill. 407 ; O. & M. R. R. Co. v. Shanefelt, 47 Ill. 497 ; R. R. I. & St. L. R. R. Co. v. Rodgers, 62 Ill. 346 ; Ill. C. R. R. Co. v. Frazier, 64 Ill. 28 ; T. P. & W. R. R. Co. v. Pindar, 53 Ill. 447 ; Ross v. B. & W. Ry. Co. 6 Allen, 87 ; Fiero v. B. & S. L. R. R. Co. 22 N. Y. 209 ; Murphy v. C. & N. W. Ry. Co. 45 Wis. 222 ; T. W. & W. R. R. Co. v. Maxfield, 72 Ill. 95.

The owner will be presumed to have assumed the hazard connected with erecting a building so near a railroad track : C. & A. R. R. Co. v. Pennell, 94 Ill. 454.

Mr. JAMES E. DUNNEGAN, for appellee.

CASEY, J.   This suit was brought by appellee against appellant to recover damages from appellant because of the burning the top part of the roof of her house, caused by the escape of sparks from the engine of appellant.   In the court below the jury awarded appellee $150 damages.   A remittitur as to the sum of forty dollars was entered by appellee and judgment was entered against appellant for the sum of $110 and costs.   We have carefully examined the evidence in this cause and are satisfied that the motion for a new trial should have been allowed.   The testimony shows, beyond any doubt, that the engine in question was properly equipped with the best and most approved known inventions to prevent the escape of fire sparks and that it was properly and skillfully handled by a competent, careful and skillful engineer. In such case, when no negligence of any kind is shown on the part of appellant, there can be no recovery.   C. & A. R. R. Co. v. Quaintance, 58 Ill. 389; Harmon v. T. P. & W. R. R. Co. 47 Ill. 298.   Therefore the judgment of the court below is reversed.

Reversed.